George Andrews, J.,
delivered the opinion of the Court.
At the November Term, 1866, of the Circuit Court for Lincoln County, a judgment was rendered upon motion, in favor of Hugh Douglass and others, against Moses Cruise, sheriff of said county, and against his official sureties, for an insufficient retrun of an execution issued to said sheriff, in favor of' Douglass and others, the plaintiffs in that motion.
This execution was in the hands of William Mof- *139 fitt, one of the present plaintiffs in error, as a deputy of said Cruise; and tire defective return, which, was the occasion of the judgment against Cruise and his sureties, was made by said Moffitt, as such deputy.
For this default, Cruise moved for judgment against Moffitt and the sureties upon his official bond, as deputy sheriff, and recovered a judgment against them, upon the motion, on the 15th day of March, 1867.
From this judgment Moffitt .and the other defendants, his sureties, have appealed in error to this Court.
It is now suggested and admitted, that Cruise, the defendant in error in this cause, has deceased since the taking of said appeal; and a motiou is made to revive the suit in the name of his administrator.
It is also admitted, that Cruise, after the taking of the appeal, and before his death, was declared a bankrupt, and an assignee of his estate was regularly appointed; and it is now contended that the suit must be revived, if revived at all, in the name of his assignee, and not in that of. his administrator.
If the interest of Cruise — the plaintiff in the judgment — passed upon his bankruptcy, to his assignee, then the revivor ought to be in the name of the assignee. By the provisions of the Bankrupt Act, the assignee is entitled to prosecute and defend all suits at law and in equity, pending at the time of the adjudication of bankruptcy, in which the bankrupt is a party in his own name: Sections 14 and 16.
In such a case, the entire interest of the plaintiff in the judgment having passed to his assignee, the admin *140 istrator takes no interest and has no title to represent the plaintiff in the suit.
An appeal in error is a suit, and it suspends without annulling the judgment of the inferior court.
The, judgment in favor of Cruise represented a debt, which, on his bankruptcy, vested in his assignee, subject to any equities which his sureties might have therein, •whether the cause of action on which this judgment was rendered, was before judgment of such a nature as to pass to the assignee or not.
By Code, section 2850, “If the decedent has parted with his interest pending the suit, it may be revived by or against, the successor in interest, instead of the representative or heir.”
This suit should, therefore, be revived against the as-signee in bankruptcy, and not against the administrator of -the deceased defendant in error.